Turcotte, P.J.
Plaintiff, a tenant, sought to recover a $10,000.00 security deposit from his former landlords, the defendants. The lease concerned commercial real estate and the security deposit was given to secure full and timely performance of all the terms and conditions of the lease. The *16 defendants counterclaimed for rent due, and for damage done to the premises. The trial judge found for the plaintiff in the amount of $10,000.00 and for the defendants on their counterclaim for $5300.00. The defendants claimed to be aggrieved by (4) four rulings of the judge which all raise the same issue of whether the defendant was entitled to retain the $10,000.00 since the plaintiff had not met terms and conditions as he was obligated to do under the lease.
The judge found that during the terms of the lease the plaintiff failed to pay the rent as provided in the lease, but thereafter, the landlord and tenant entered into another written agreement terminating the lease. The landlord took possession and rented to another for the same rent as provided in the lease.
There is no error, the original agreement in the lease as to the security deposit is enforceable and the $10,000.00 may be retained as liquidated damages if the lease provided for retention as liquidated damages. Courogenis v. Kerr, 225 Mass. 536 (1926). Assuming that it did so provide, the judge found that the parties fixed their rights and obligations by a new agreement. The express finding, coupled with his finding for the plaintiff for $10,000.00 indicates he interpreted the second agreement to terminate the lease in all aspects, including any rights the defendants had to the security deposit. The defendants make no claim that they were aggrieved by this interpretation.
Report dismissed.